UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

      -against-

PETER LIOUNIS,

                Defendant.
-----------------------------------------------x

MEMORANDUM AND ORDER
12 CR 350 (ILG)

GLASSER, United States District Judge:

In a motion dated January 10, 2013, the pro se defendant seeks an order from this Court to strike docket entries 34, 35, 36 and 37. Docket No. 44. He also sought sanctions to be imposed upon his then attorney, Kelley J. Sharkey, for filing documents 35 and 36 he alleges he told her not to file. Although not explicitly pleaded, he alleges a violation of the Speedy Trial Act and implies ineffective assistance of counsel.

Docket No. 34 is a motion seeking this Court's order allowing disclosure of the Grand Jury document reflecting the date on which the indictment in this case was returned and Docket No. 37 is the Order granting that motion. The document requested was provided. The purpose to be served by his motion as to those entries if it were to be granted is not apparent. His motion as to those is denied.

Docket No. 35 is a motion filed on December 21, 2012, on behalf of the defendant by Ms. Sharkey seeking an order of the Court which would: (1) suppress certain statements made by him in violation of Miranda; (2) suppress wire tap evidence; (3) suppress email evidence; (4) direct the government to provide Brady v. Maryland

material; (5) require the government to disclose intended use of Fed. R. Ev. 404(b) material; (6) require Rule 16 disclosure by government; (7) strike defendant's alleged aliases from the indictment; (8) dismiss the indictment as violative of Speedy Trial Act; (9) sever the defendant from fugitive co-defendant; and (10) grant such further relief deemed appropriate. Annexed to the motion were three exhibits in support of the motion. Docket No. 36. Ex. A, an affidavit from a private investigator; Ex. B, a letter request for the Grand Jury minutes referenced above; and Ex. C, a three page handwritten attachment reasonably construed as instructions to Ms. Sharkey regarding the above numbered motions.

It is significant to note that in paragraph 7 of Docket No. 35, Ms. Sharkey declares under the penalty of perjury that she appends Exhibit C, the defendant's handwritten note for severance at his express direction.

In a letter dated December 20, 2012, the defendant moved this Court for an order pursuant to Faretta v. California, 422 U.S. 806 (1975), to appear *pro se*. Docket No. 38. At a hearing on January 7, 2013, his motion was granted, Docket No. 39, and Michael H. Gold was appointed as standby counsel on January 8, 2013. Docket No. 40. At a status conference on January 14, 2013, I suggested to the defendant that he could, if he wished, adopt as his own the motions previously filed on his behalf by Ms. Sharkey. He declined that suggestion and filed instead a Notice of Motion and a "Combined" Affidavit and Memorandum of Law in Support of that Motion dated January 31, 2013. Docket Nos. 47 and 48. A comparison of the relief sought by his Notice of Motion and the relief sought by the motions filed on his behalf by Ms. Sharkey, Docket No. 35, readily reveals that

they are virtually identical. That comparison, together with Ms. Sharkey's declaration as to his handwritten Exhibit C referenced above, compel the conclusion that his allegation that Ms. Sharkey filed the motions on his behalf notwithstanding his direction that she not, is baseless and his motion that she be sanctioned by this Court is denied.[1] The motions filed under Docket Nos. 35 and 36 were properly docketed and accurately reflect the record of the proceedings in this case. They may be marked "withdrawn" or "terminated" but no authority or persuasive reason is provided for striking them from the docket and the defendant's motion in that regard is denied.

If his motion is liberally construed as alleging a violation of the Speedy Trial Act and the ineffective assistance of counsel, it is denied as to those as well. As regards the Speedy Trial Act, the Grand Jury record provided to the defendant establishes that the indictment was returned on May 17, 2012, within 30 days of the defendant's arrest on April 17, 2012. Rule 45(a)(1)(A) Fed. R. Cr. P. His claims of ineffective assistance

---

[1] When Ms. Sharkey filed the motions on the defendant's behalf, his motion to appear *pro se* had not yet been granted and she was still his lawyer. Given my ruling, I abjure a discussion of the interesting question of whether she was bound to follow his instruction, assuming that he even gave it. Cf. Dean v. Superintendent, Clinton Correctional Facility, 93 F.3d 58 (2d Cir. 1996) with United States ex rel Anderson v. Detella, 1996 WL 727397 (N.D.Ill. 1996). See also Poulin, Strengthening the Criminal Defendant's Right to Counsel, 28 Cardozo L. Rev. 1213, 1242 (2006) (courts generally recognize that defense counsel controls most tactical and strategic decisions such as what motions to file, what objections to raise and what arguments to make, matters over which the defendant's preferences do not necessarily control); Faretta v. California, 422 U.S. 806 (1975) ("It is true that when a defendant chooses to have a lawyer manage and present his case, law and tradition may allocate to the counsel the power to make binding decisions of trial strategy in many areas.")

asserted in paragraph 7(a)-(f) of Docket No. 44 are facially without merit and barred at the threshold of Strickland v. Washington, 466 U.S. 668 (1984).

SO ORDERED.

Dated:    Brooklyn, New York
          February 13, 2013

                                              /s/ I. Leo Glasser
                                              I. Leo Glasser


Filed by ECF and copy mailed to:

Peter Liounis
48332-054
Box 329002
Brooklyn, NY 11232

4